IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AGRI-SYSTEMS, doing business as ASI Industrial, | CV 20-44-BLG-SPW-TJC |
| Plaintiff, | **ORDER** |
| vs. | |
| WESTERN NATIONAL ASSURANCE COMPANY, doing business as Western National Insurance, | |
| Defendant. | |

Plaintiff Agri-Systems, doing business as ASI Industrial ("ASI") brings this declaratory judgment action against Western National Assurance Company, doing business as Western National Insurance ("Western National").

Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B).  (Doc. 25.)  Presently before the Court is Western National's Motion to Dismiss, Transfer or Stay.  (Doc. 10.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 11, 21, 35.)

Having considered the parties' submissions, the Court finds this action should be transferred to the District of Minnesota.[1]

---

[1] A motion to change venue is a non-dispositive pre-trial matter, and is therefore within the province of a magistrate judge's authority under 28 U.S.C. §

## I.     BACKGROUND

ASI is a Montana corporation with its principle place of business in Billings, Montana.  Western National is a Minnesota corporation with its principle place of business in Minnesota.  Western National issued two insurance policies to ASI – a commercial general liability policy CPP 1050926 04, and a commercial liability umbrella declaration UMB 1008379 04 (collectively the "Policies").

In April 2014, the Southern Minnesota Beet Sugar Cooperative ("SMBSC") hired ASI to design, engineer and build six sugar storage silos.  Each silo contained a reclaimer system used to unload the silos.  In December 2015, one of the reclaimers allegedly failed, contaminating the sugar in the silo.  ASI put Western National on notice of potential claims arising out of the incident.  Thereafter, ASI completed repair work at ASI's own expense.  Nevertheless, ASI and SMBSC were unable to informally resolve their dispute regarding liability for damage to the sugar and for freight and temporary storage costs for the sugar.

Ultimately, SMBSC filed a lawsuit against ASI in the District of Minnesota in *Southern Minnesota Beet Sugar Cooperative v. Agri-Systems d/b/a ASI*

---

636(b)(1)(A).  *RD Rod, LLC v. Mont. Classic Cars, LLC*, 2012 WL 6632185, *7, n.1 (D. Mont. Dec. 19, 2012) ("A change of venue ruling is a non-dispositive matter which need not be submitted as a 'proposed findings of fact and recommendations' to the District Judge as otherwise required under 28 U.S.C. § 636(b)(1)(B) with respect to dispositive motions.").

*Industrial, Inc.*, Case No. 17-cv-5552 (D. Minn. Dec. 22, 2017) (the "Underlying Action"). SMBSC alleged that it incurred damages in excess of $2.3 million. ASI tendered the defense of the claim to Western National, and Western National agreed to defend ASI under a reservation of rights.

On March 12, 2020, SMBSC, ASI and Western National engaged in an unsuccessful mediation. The next day, on March 13, 2020 at 9:45 a.m. Mountain Time, Western National filed a declaratory judgment action against ASI in the United States District Court for the District of Minnesota. *Western National Mut. Ins. Co. v. Agri Systems d/b/a ASI Industrial, Inc.*, 20-cv-726-PJS/TNL, Docket No. 1 (D. Minn. March 13, 2020) (the "Minnesota Action").

The same day, at 2:08 p.m. Mountain Time, ASI filed this action in the Montana Thirteenth Judicial District Court, Yellowstone County (the "Montana Action"). (Doc. 1-1.) ASI alleged a single claim for declaratory judgment. (*Id.*) Western National removed the case to this Court on April 9, 2020. (Doc. 1.)

On April 17, 2020, ASI filed a counterclaim against Western National in the Minnesota Action. *Western National*, 20-cv-726-PJS/TNL, Docket No. 11. ASI raised additional claims that it did not assert in the Montana Action, including claims for estoppel and breach of contract/covenant of good faith and fair dealing. (*Id.*)

3

On April 27, 2020, Western National filed the instant motion.  Prior to responding to this motion, ASI filed a motion to amend the Complaint in this case on May 15, 2020.  (Doc. 16.)  ASI sought to add claims for estoppel, breach of contract/covenant of good faith and fair dealing, and violation of Montana's Unfair Trade Practices Act ("UTPA").  (*Id.*)  The motion was subsequently granted.  (Doc. 34.)

On May 19, 2020, ASI filed a motion to stay or transfer venue in the Minnesota Action.  *Western National*, 20-cv-726-PJS/TNL, Docket No. 16.  ASI requested that the Minnesota Court either stay the case pending resolution of the Underlying Action, or transfer venue to the District of Montana.

On July 15, 2020, the Minnesota Court granted ASI's motion to stay, but denied the motion to transfer.  *Western National*, 20-cv-726-PJS/TNL, Docket No. 28.  The Minnesota action therefore remains pending, but stayed, in the District of Minnesota.

## II.    DISCUSSION

Western National argues the Court should either dismiss or transfer this action to the Minnesota District Court under the first-to-file rule because the previously filed action in Minnesota involves the same parties and substantially similar issues.  Alternatively, Western National requests the Court stay this case

4

pending resolution of the Minnesota Action.  ASI opposes the motion, arguing the relevant considerations support retaining venue in Montana.

### A. First-to-File Rule

There is a generally recognized doctrine of federal comity that permits a district court to transfer, stay or dismiss an action when a similar complaint has already been filed in another district.  *Pacesetter Systems Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  The first-to-file rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and avoid the embarrassment of conflicting judgments."  *Church of Scientology of Cal. v. U.S. Dep't of Army,* 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).  Although discretionary, the first-to-file rule "is intended to 'serve[] the purpose of promoting judicial efficiency well and should not be disregarded lightly."  *Kohn*, 787 F.3d at 1239 (quoting *Church of Scientology*, 611 F.2d at 750).

In determining whether the first-to-file rule applies, courts consider three factors: (1) the chronology of the lawsuits; (2) the similarity of the parties; and (3) the similarity of the issues.  *Kohn*, 787 F.3d at 1240.  The first-to-file rule is not "a rigid or inflexible rule to be mechanically applied."  *Pacesetter*, 678 F.2d at 95.

Accordingly, the Ninth Circuit has recognized three exceptions to the rule: bad faith, anticipatory lawsuit, and forum shopping.  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

### 1.      Chronology of the Lawsuits

"The first-to-file rule simply requires a chronology of the actions." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013).  Here, Western National filed the Minnesota Action before ASI filed this lawsuit, albeit by only a few hours.

Although the actions were filed close in time, courts in the Ninth Circuit have applied the first-to-file rule even when the time period between both actions is short.  *See, e.g., Pacesetter*, 678 F.2d at 94 (applying the first-to-file rule with a difference in filing of three days); *Intuitive Surgical, Inc. v. California Inst. of Tech.*, 2007 WL 1150787, *3 (N.D. Cal. Apr. 18, 2007) (in case where actions were filed a few hours apart, the court held the first-to-file rule was "applicable and requires deference to the first-filed court, notwithstanding the near simultaneous nature of the filings"); *Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co.*, 2016 WL 304781, *2 (N.D. Cal. Jan. 26, 2016) (finding chronology factor was satisfied where actions were filed eight hours apart).  *But see Nordson Corp. v. Speedline Techs., Inc.*, 2000 U.S. Dist. LEXIS 15240, *7 (N.D. Cal. Oct. 10, 2000) (transferring case to the first-filed forum, but finding the fact the actions were filed

three hours apart rendered the chronology factor "not dispositive").

Although the relevant time interval is short, the Court finds that the chronology factor is satisfied and weighs in favor of application of the rule.

### 2.     Similarity of the Parties

The parties in both actions are identical.  As such, the similarity of parties factor is satisfied.

### 3.     Similarity of the Issues

Finally, the Court must consider the similarity of the issues.  "The issues in both cases also need not be identical, only substantially similar."  *Kohn*, 787 F.3d at 1240.  To determine whether the issues are substantially similar, courts "look at whether there is 'substantial overlap' between the two suits."  *Id.* at 1241.

Here, both actions involve the same coverage determination and will require interpretation of the same insurance policies.  Both cases include claims for declaratory judgment, estoppel and breach of contract/covenant of good faith and fair dealing.  ASI argues, however, that because it has raised a UTPA claim in this case and not in Minnesota, the first-to-file rule does not apply.  Western National urges the Court to disregard the UTPA claim because it is frivolous and was only raised in an attempt to defeat Western National's motion.

The Court declines to weigh in on the merits of ASI's UTPA claim at this stage in the litigation.  Nevertheless, the Court notes that aside from the UTPA

claim, the two cases are essentially identical.  Moreover, the facts underlying the UTPA claim substantially overlap with the facts related to the estoppel and breach of contract/covenant of good faith and fair dealing claims pending in Minnesota. "The sameness inquiry focuses on the facts and issues raised in the actions, not on the specific claims pled."  *Kennedy v. Full Tilt Poker*, 2012 WL 13071634, at *9 (C.D. Cal. Aug. 24, 2012).  Here, there is clearly substantial overlap in the underlying facts and issues raised in the two cases.

The similarity of the issues factor is therefore satisfied.

### B.    Equitable Exception to First-to-File Rule

The Court may depart from the first-to-file rule for "reasons of equity," such as situations involving bad faith or anticipatory suit.  *Alltrade*, 946 F.2d at 628. "However, unless compelling circumstances justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998).

The Court does not find the circumstances here demonstrate bad faith or deceptive behavior on the part of Western National to justify departure from the first-to-file rule.  There is no evidence that Western National acted deceptively to file first, or filed first to engage in forum shopping.  Both the Minnesota Action and this case were filed the day following a failed mediation.  There is a close

8

connection between the parties' dispute and the District of Minnesota. As such, Western National reasonably filed suit in Minnesota.

Moreover, relaxing the first-to-file rule here would undermine its purpose. The Minnesota court has declined to transfer venue of its action to Montana. *Western National*, 20-cv-726-PJS/TNL, Docket No. 28. As a result, there is a significant risk of inconsistent judgments if the cases were to proceed on a parallel tracks. Judicial efficiency and the interests of justice, therefore, weigh strongly in favor transfer. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998) (stating the goal of the first-to-file rule "is the avoidance of both an unnecessary burden on the federal judiciary and of conflicting judgments.")

Accordingly, the Court finds transfer under the first-to-file rule is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Western National's Motion to Dismiss, Transfer, or Stay (Doc. 10) is **GRANTED in part AND DENIED in part**.  This action shall be transferred to the District of Minnesota.

**IT IS ORDERED**.

DATED this 18th day of November, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

10